IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULA JOHNSON,<br>Petitioner, | CIVIL NO. 3:CV-12-1151 |
| v. | (Judge Munley) |
| SUPERINTENDENT OF THE<br>STATE CORRECTIONAL<br>INSTITUTION AT MUNCY,<br>PENNSYLVANIA, et. al.,<br>Respondents | |

## MEMORANDUM

Petitioner Paula Johnson ("petitioner" or "Johnson"), a state inmate incarcerated at the State Correctional Institution at Muncy (SCI-Muncy), Pennsylvania, initiated this action pursuant to 28 U.S.C. § 2254 (Doc. 1), on June 18, 2012, challenging her Court of Common Pleas of Lebanon County, Pennsylvania, convictions for First and Third Degree murder. (See Doc. 12-3, at 2.)

Upon preliminary review of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, see R. GOVERNING § 2254 CASES R. 4, it appeared that the petition may be barred by the statute of limitations, see United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc) (holding that district courts may sua sponte raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc) (holding that

district courts may *sua sponte* raise AEDPA's one year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond). Therefore, on July 2, 2012, and July 23, 2012, the parties were notified that the petition appeared to be untimely and respondents were directed to file a response concerning the timeliness of the petition and any applicable statutory and/or equitable tolling of the AEDPA statute of limitations, and petitioner was afforded the opportunity to file a reply. (Docs. 7, 10.) On July 30, 2012, respondent filed a response. (Doc. 13.) Petitioner has not filed a reply. For the reasons set forth below, the petition will be dismissed as untimely.

I. **Background**

The factual and procedural history set forth below is extracted from Johnson's appeal of her first Post Conviction Relief Act petition:

> The record reveals that Johnson was charged in 1992 with two counts of homicide for the deaths of her two young daughters. On one charge, Johnson pled *nolo contendere* to homicide and submitted to a degree of guilt hearing before the trial court. After a July 26, 1994 hearing, the trial court found Johnson guilty of first degree murder. On the other charge, a jury convicted Johnson of third degree murder. On August 10, 1994, the trial court imposed a life sentence for the first degree murder conviction, and a consecutive 10 to 20 years of incarceration for the third degree murder conviction.
>
> Johnson did not file a direct appeal, but filed the instant *pro se* petition for post conviction relief, her first, on September 25, 1995. By order of October 6, 1995, the PCRA court appointed the Lebanon County public defender's office to represent Johnson in connection with the petition. The Commonwealth filed its response to the petition on October 13, 1995. The trial court entered an order on January 12, 1996 granting Johnson's request to proceed *in forma pauperis*. The docket reflects that various transcripts were prepared and filed over the next four years.

2

> Subsequently, for reasons not discernible from the record, the proceedings on Johnson's petition remained dormant until 2007. On August 7, 2007, the PCRA court entered an order denying various outstanding transcript requests inasmuch as they had already been prepared and provided to current counsel. One week later, on August 9, 2007, the PCRA court entered an order giving notice of its intent to dismiss Johnson's petition. Counsel's petition to withdraw states that '[J]ohnson provided no indication to the undersigned that she wished to file a response and as such, not further action was taken.' The PCRA court dismissed Johnson's petition by order of February 7, 2008. Johnson filed a *pro se* notice of appeal on February 17, 2008.
>
> On September 19, 2008, this Court entered an order remanding the case to the PCRA court with instructions to ascertain whether Johnson was proceeding *pro se* or with counsel, inasmuch as the record did not reflect that counsel had taken any action on behalf of Johnson prior to the PCRA court's dismissal of her petition. On October 22, 2008, the PCRA court conducted a hearing pursuant to Commonwealth v. Grazier, 552 Pa. 9, 713 A.2d 81 (1998), and determined that Johnson wished to be represented by counsel.

(Doc. 12-4, at 1-3.)[1]

On April 15, 2010, the Superior Court of Pennsylvania concluded that any ineffective assistance claim was without merit and there was no basis in the record for finding that Johnson's plea of *nolo contendere* was invalid. (Doc. 12-4, at 3.) On August 11, 2010, a second, *pro se* PCRA petition was filed and later dismissed on August 24, 2010, because the issues raised were previously litigated and the petition was untimely. (Id.) A third, *pro se* PCRA petition was filed on March 28, 2011, which was dismissed that same day because the issues raised were previously litigated. (Id. at 3-4.) Johnson filed a timely notice of appeal to the Superior Court. (Id. at 4.) The Superior Court found the petition to be "patently

---

[1] Johnson's first PCRA petition was not subject to the PCRA's timeliness provisions because it pre-dated that version of the PCRA. (Doc. 12-3, n.2.)

3

untimely." (Id. at 6.) She filed a petition for allowance of appeal in the Supreme Court of Pennsylvania, which was denied on April 30, 2012. (Doc. 12-5.)

The instant petition was filed on June 18, 2012. (Doc. 1.)

## II. Discussion

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

AEDPA imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioners like Johnson, however, whose convictions became final prior to the effective date of AEDPA, April 24, 1996, had a one-year "grace period," plus any time during which the limitations period is statutorily or equitably tolled, to file a request for habeas relief. See Burns v. Morton, 134 F.3d 109, 111-12 (3d Cir.1998). Therefore, the statute of limitations for Johnson's habeas petition did not begin to run until April 24, 1996. See 28 U.S.C. § 2244(d)(1). Johnson did not file her habeas corpus petition until June 18, 2012, more than fifteen years after the expiration of the statute of limitations. Hence, the federal petition appears to be untimely. However, the Court's analysis does not end here; consideration of both statutory and

equitable tolling must be undertaken.

A.    **Statutory Tolling**

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). To fall within the AEDPA tolling provision, the petition for state post-conviction review must have been both pending and "properly filed." Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001).

On September 25, 1995, petitioner filed a pro se petition for post conviction relief, 42 PA. CONS. STAT. §§ 9541-46, which was pending in state court from that date through April 15, 2010. Therefore, if Johnson's second PCRA petition was properly filed, it would operate to toll the statute of limitations which commenced on April 16, 2010, the date on which her first PCRA petition was dismissed, and expired one year later. There is no question that Johnson's second PCRA petition was pending. The principal issue is whether it was "properly filed." The Supreme Court has stated that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). This compliance requirement includes rules governing the "the time limits upon its delivery." Id.; see also Fahy, 240 F.3d at 243 (a "properly filed" application must be " 'submitted according to the state's procedural requirements, such as the rules governing the time and place of filing' ") (citation omitted).

The state court concluded that Johnson failed to file her second PCRA petition in

5

accordance with the timeliness requirements of 42 PA. CONS. STAT. ANN. § 9545(b)(1). We must defer to the state court's holding that the petition was untimely and it therefore follows that it was not "properly filed" under the AEDPA. Merritt v. Blaine, 26 F.3d 157, 165-66 (3d Cir. 2003). Hence, there is no statutory tolling of the limitations period.

### B.     Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, he must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

As concerns extraordinary circumstances, they have been found where: (1) the defendant has actively misled the plaintiff, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Johnson appears to argue that she has, in some extraordinary way, been prevented from asserting her rights. The record indicates to the contrary. In the section of the petition concerning timeliness, Johnson states as follows: " if there were a time bar, it is tolled by denial of transcripts, government obstruction of due process. The Superior Court essentially denied that the judiciary was part of the government which obstructed post-conviction process by keeping trial proceedings secret from defendant." (Doc. 1, at 14.) During the eleven years in which Johnson's first petition was dormant in the PCRA Court, she filed various requests for trial transcripts. The requests were denied on April 15, 2010, because the trial transcripts had already been prepared and provided to Johnson's PCRA counsel.

7

(Doc. 12-4, at 2.) On August 3, 2010, Johnson requested "transcripts on all related matters." (Doc. 12-4, at 3.) She then filed her second PCRA petition on August 11, 2010, which was dismissed on August 24, 2010 as untimely. (Id.) She filed a defective notice of appeal to the Superior Court which was never perfected. (Id.) She again requested transcripts on November 4, 2010. (Doc. 12-1, at 29.) A third PCRA was filed on March 28, 2011, which was dismissed the same day it was filed because the issues raised were previously litigated. (Doc. 12-4, at 3-4.) She filed a timely appeal. (Doc. 12-1, at 30.) On September 21, 2011, the PCRA court denied her request for transcribed notes. (Id. at 4, n. 1.) On November 7, 2011, the superior court found her petition patently untimely and denied the appeal. In considering the issue of the PCRA court's failure to provide her with transcripts, the superior court stated that "she does not allege what claim she could not raise due to the lack of transcripts, nor does she allege that she exercised due diligence in obtaining the information upon which the claim in [sic] based. . . ." (Doc. 12-4, at 8.) It is clear that the lack of transcripts did not prevent Johnson from filing in state court and there is no indication that it prevented her from filing in federal court. Where a petitioner is ultimately able to file his habeas petition, with or without having received replacement materials, the deprivation of legal documents does not justify equitable tolling. See Brown, 322 F.3d at 773 (failure of attorney to obtain a complete set of trial transcripts not an "extraordinary circumstance[ ]" justifying equitable tolling).

Johnson fails to establish that she diligently pursued her rights and that some

extraordinary circumstance stood in her way. Consequently, equitable tolling is not warranted in this case.

## III. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

An appropriate order follows.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: September 14, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| PAULA JOHNSON, | : | CIVIL NO. 3:CV-12-1151 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SUPERINTENDENT OF THE | : | |
| STATE CORRECTIONAL | : | |
| INSTITUTION AT MUNCY, | : | |
| PENNSYLVANIA, et. al., | : | |
| Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this ___ day of September 2012, upon consideration of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 is DISMISSED as time-barred by the statute of limitations. See 28 U.S.C. § 2244(d).

2. There is no basis for the issuance of a certificate of appealability. 28 U.S.C. § 2253(c).[2]

---

[2]Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). Here, jurists of reason would not find the disposition of this case debatable. However, petitioner is advised that he has the right to appeal our order denying his petition within thirty days, see 28 U.S.C. § 2253(a); FED. R. APP. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks, and obtains, a certificate of appealability from the court of appeals. See FED. R. APP. P. 22.

3.  The Clerk of Court is directed to CLOSE this case.

                              BY THE COURT:

                              _____
                              JUDGE JAMES M. MUNLEY
                              United States District Court